**People of the State of Illinois, Appellee, v. Morris J. Seawright, Appellant.**

Gen. No. 50,954.

First District, Second Division.

July 26, 1966.

426

Frank H. Burke, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This appeal comes from a judgment entered upon a verdict of guilty of the crime of armed robbery (Ill Rev Stats 1959, c 38, § 501). The appellant admits that

he committed the act complained of, but interposes the defense that he had been found insane by a jury in Lake County, Illinois. It is not argued that the later finding by a Cook County jury in this case that he was sane is against the weight of the evidence; the only argument is that the Lake County jury's verdict constituted either res judicata or collateral estoppel on that question, and prevented the jury which heard this case from finding that he was sane at the time of the commission of the crime.

The evidence shows the appellant suffered head injuries in an automobile accident March 31, 1959. Two psychiatrists said they believed that these injuries caused insanity in the appellant. A dentist who treated the appellant at an air force hospital in Illinois from May 24, 1959, to July 27, 1959, said he observed him during this period and said that his behavior seemed normal.

On July 6, 1959, the appellant committed the crime complained of here. On September 15 of that year, he committed the crime which led to the proceedings in Lake County. On February 24, 1960, a Lake County jury found, "that the defendant, Morris Seawright, at the time of the impaneling of this jury and now is insane." The record shows that the jury was called to determine the sanity of the appellant to see whether he was fit to be placed on trial for the crime of September 15, 1959. On January 26, 1961, the appellant was released from the Illinois Security Hospital, and on April 24, 1961, a jury found that, "the defendant Morris Seawright, has permanently recovered from his insanity." On June 14, 1961, the indictment was nolle prossed.

The only question raised by the appellant is whether the findings of the Lake County juries estop the jury which heard this case from finding he was sane at the time he committed the crime of July 6, 1959.

We first note that the Lake County jury made no findings as to his sanity before February 24, 1960.

428

The record shows only that he was found insane on that date and that a jury said he had recovered when it returned the verdict of April 24, 1961. We also note that the question before the Lake County jury was not the same as the question posed by trial in Cook County. The Lake County jury found that the appellant was not fit to stand trial. The test to be applied at such a hearing is whether or not the defendant understands the nature of the charges against him and whether he can cooperate with his counsel and conduct his defense in a rational and reasonable manner. People v. Bender, 20 Ill2d 45, 169 NE2d 328 (1960). The test for insanity when it is used as a defense to relieve one from criminal responsibility for an act is whether the defendant was capable of discerning right from wrong as to the particular act in question, or whether he was incapable of choosing to do or not to do the act, and governing his conduct in accordance with such choice. People v. Neirstheimer, 401 Ill 260, 81 NE2d 900 (1948). The two questions are not the same, and the verdict of the Lake County jury that the appellant was not fit to stand trial does not necessarily answer the question whether he was insane by the standards set forth in People v. Neirstheimer, supra. There was no finding by any jury that the appellant was insane on July 6, 1959, under any standard or test.

■■■ There is also raised a question as to whether the court below was correct in not allowing the testimony of the two psychiatrists at the Lake County hearing to go to the jury. These two psychiatrists testified at the trial below and the court found that their testimony was substantially the same as at the Lake County hearing.

The appellant has shown us nothing that could indicate that the previous testimony of these two men differed in any meaningful way from the testimony they gave at the trial. We hold, therefore, that the court below acted

within the proper scope of his discretion in not permitting the earlier testimony to be admitted as evidence at the trial.

Since the verdict of the Lake County jury could not be res judicata of the issue, and since there is no basis for declaring the People to be collaterally estopped from denying the appellant's insanity, we find that the jury was within its rights to find the appellant sane at the time he committed the acts constituting the crime of armed robbery on July 6, 1959.

Affirmed.

LYONS and BURKE, JJ., concur.