**People of the State of Illinois, Plaintiff-Appellee, v. John L. Britton, Jr., Defendant-Appellant.**

Gen. No. 10,953.

Fourth District.

January 26, 1970.

William R. Heiss, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur (John D. Riddle, Assistant State's Attorney, of counsel), for appellee.

■■■■■■■■■■■■■■■

SMITH, J.

The defendant was found guilty by a jury of attempted murder and sentenced to the Illinois State Penitentiary for a period of eight to twenty years. The sole question presented on this appeal is whether or not his representation in the trial below was so inadequate as to deprive him of due process of law. We think not.

The attempted murder was committed on October 10, 1966. The defendant was apprehended, indicted, had a public defender appointed to represent him, pleaded not guilty and then filed a motion for an incompetency hearing. Psychiatric testimony was produced and on February 27, 1967, a jury found him incompetent and he was committed to the Department of Mental Health of the State of Illinois. Following such commitment, the public defender filed an affirmative defense in this case contending that the defendant was insane at the time of the commission of the crime. On July 6, the defendant was discharged from the institution as cured and returned to Macon County for trial. He requested the discharge of the public defender, and other counsel was appointed for him on the trial. The expertise of counsel on all other matters in this record is not disputed, but he elected not to offer any evidence on behalf of the defendant on the insanity issue and it is this determination on his part that prompts this appeal and is the only issue on which it is founded.

■■ ■■ Under Ill Rev Stats 1967, c 38, § 6–2(a), "A person is not criminally responsible for conduct if at the time of such conduct, as a result of mental disease or mental defect, he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law." Under the prior law, the test was fundamentally whether the defendant had sufficient capacity to know the difference between right and wrong and the capacity to make a choice. People v. Jenko, 410 Ill 478, 102 NE2d 783. The

committee comments to the statute point out that the statute substituted the term "appreciate" instead of "know" and that this is an effort to find the term more congenial to modern psychiatric notions of understanding and is intended to provide for some additional flexibility in the scope of expert testimony. It is to be noted here that we deal with two types of capacity: (1) cognition and (2) volition. The first is a sufficient mental capacity in the defendant to recognize the criminality of his conduct and the second is the mental capacity to direct his conduct to conform to the requirements of the law. If he lacks substantial capacity in either of these areas, he is not criminally responsible under the statute.

■ ■ In the instant case, three psychiatrists examined the defendant and their examinations are sufficient to support the jury's verdict that on February 27, 1967, he was incompetent to cooperate with counsel and participate in the trial. He was committed to an institution and discharged the following July. In the February hearing, the tests to be applied were whether or not the defendant understood the nature of the charges against him and whether he could cooperate with his counsel in conducting his defense in a rational and reasonable manner. People v. Bender, 20 Ill2d 45, 169 NE2d 328. The test for insanity when it is used as a defense to relieve one from criminal responsibility is, as we have noted above, entirely different. People ex rel. Wiseman v. Nierstheimer, 401 Ill 260, 81 NE2d 900. A determination by the jury that the defendant in February was not competent to stand trial or to cooperate with his counsel and conduct his defense in a rational and reasonable manner does not mean per se that he was so insane on October 10 as to excuse him of criminal responsibility at the time of the crime. People v. Seawright, 73 Ill App2d 426, 220 NE2d 101.

■ We have read this record and the psychiatrists' reports and they do not per se suggest that the defend-

113

ant was insane at the time of the commission of the crime. The following July he was released from institutional care and returned to the courtroom for trial. The defense counsel had the advantage of observing this defendant, his conduct, his actions, and concluded not to make the defense of insanity even though the prior attorney had filed it after the adjudication of incompetency in February. The defendant twice shot a stranger in a tavern. The defendant had come in with a transistor radio going full blast and apparently the stranger asked him to cut it down some. The defendant had apparently been drinking and he took a shot at the stranger. This is typical conduct for this individual, according to the psychiatrists, when he is confronted with what he conceives to be a hostile situation and this condition is aggravated by drinking. The filing of the affirmative defense by defense counsel after the adjudication of incompetency in February was, of course, proper as we have noted. Whether or not that defense and evidence of it, if indeed such was available, should be presented calls for the exercise of sound discretion on the part of the defendant and his attorney. There is nothing in the conduct or the language of the defendant during the course of this trial that suggests, indicates or intimates any insanity. His own testimony was based on self-defense.

In People v. Morris, 3 Ill2d 437, 449, 121 NE2d 810, 817, the Supreme Court discusses in general terms what constitutes competency of counsel and states that the defendant must clearly establish, among other things, "(2) substantial prejudice resulting therefrom, without which the outcome would probably have been different." In the case at bar, it is not suggested that the psychiatrists would have testified that the defendant was insane at the time of the commission of the crime. There is no showing that he was even intoxicated at the time of the commission of the crime. There is no showing that a different result was likely to obtain if

114

the defense of insanity had been presented at the trial. We cannot say from this record that it was an error of judgment on the part of defense counsel not to raise the defense of insanity. In People v. Heirens, 4 Ill2d 131, 143, 122 NE2d 231, 238, the Supreme Court said:

> "It may be conceded that the circumstances under which the crimes were committed, the opinions of examining psychiatrists, the involuntary disclosures of petitioner while under the influence of sodium pentothal, and other matters in evidence, indicate the presence of an abnormality rendering him unable to control his conduct, and might well have justified a finding that he was not legally responsible for the acts at the time they were committed. But the mere fact that counsel failed to advise their client to defend on such grounds does not amount to a denial of due process. Insanity is a defense to be asserted at the trial as any other defense; and the decision not to advise such a defense, even if it were a mistake, does not of itself show that the defendant was inadequately represented. Mistakes of counsel will not amount to a denial of due process unless on the whole the representation is of such low caliber as to be equivalent to no representation at all, and to reduce the proceedings to a farce or a sham. See People v. Reeves, 412 Ill 555, 562–563, 107 NE2d 861."

In our judgment these principles control in this case. There was no inadequacy of representation of this defendant and hence no denial of due process. The judgment is affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.